IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTHONY TREMAINE STEWART,
Petitioner,

v. Civil Action No. 3:26cv1043 (DJN)

CLINT DAVIS,
Defendant.

**MEMORANDUM OPINION**

Shaun Stewart ("Mr. Stewart") has submitted a Complaint (ECF No. 1) and an accompanying Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency Motion," ECF No. 2) on behalf of his brother, Anthony Tremaine Stewart, a Virginia inmate. Mr. Stewart previously sought similar relief in an earlier action, purportedly as next friend for his brother. *Stewart v. Davis*, No. 3:26cv548 (DJN), 2026 WL 1879948, at *1 (E.D. Va. June 30, 2026). The Court dismissed that action without prejudice by a Memorandum Opinion and Order entered on June 30, 2026. *Id.* Mr. Stewart has now obtained an order from the Circuit Court of Rockbridge County, Virginia, which appoints him as the committee for his brother (ECF No. 1-1, at 2)[1], and he brings this action in that capacity. (ECF No. 1, at 1, 11; ECF No. 2, at 2.) Mr. Stewart acknowledges that he is not an attorney and requests the appointment of counsel. (ECF No. 1, at 1.) For the reasons stated below, the Court will DENY the Emergency Motion and DIRECT Mr. Stewart to provide additional information about his claim of indigency.

---

1 The Court employs the pagination assigned by the CM/ECF docketing system

Federal Rule of Civil Procedure 17 permits a committee to "sue or defend on behalf of a minor or an incompetent person." Fed. R. Civ. P. 17(c)(1)(A). "State law determines whether a [party] is a minor or incompetent." *Nationwide Prop. & Cas. Ins. Co. v. Fraraccio*, 250 F. Supp. 3d 5, 6 n.2 (E.D. Va. 2017) (citing Fed. R. Civ. P. 17(b)(3)). Under Virginia law, a felon is a person under a disability, akin to an infant or incapacitated person, during the period of his confinement. Va. Code Ann. § 8.01-2(6)(a) (West 2026); *see also Almond v. Kent*, 459 F.2d 200, 201–03 (4th Cir. 1972) (interpreting predecessor statute); *Indep. Order of Foresters v. Allen*, No. 7:25-cv-392, 2026 WL 1073001, at *1 n.1 (W.D. Va. Apr. 20, 2026) (opining that the term "incompetent person" in Federal Rule of Civil Procedure 17(c) "includes an incarcerated felon under Virginia law"). A Virginia circuit court may commit a felon's estate to a person selected by the court on motion of an interested party. Va. Code Ann. § 53.1-221(A) (West 2026). The committee so appointed "may sue and be sued in respect to all claims or demands of every nature in favor of or against such prisoner and against any of the prisoner's estate." Va. Code Ann. § 53.1-222 (West 2026).

As in Mr. Stewart's previous action, the problem here is not that Mr. Stewart asserts his brother's claims, but that he attempts to litigate the action *pro se*. A person may have a right to assert a claim on behalf of another, but that does not allow him "to *litigate* that claim *pro se*." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original). Parties may plead and conduct *their own* cases personally or by counsel in all courts of the United States. *See* 28 U.S.C. § 1654. "The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead *his or her own* cause." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (emphasis added). "The right to conduct one's own litigation 'is a right of high standing, not simply a practice to be honored or

dishonored by a court depending on its assessment of the desiderata of a particular case.'" *Id.* (quoting *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867–70 (2d Cir.1982)).

"The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers*, 418 F.3d at 400 (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

> [B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him. For example, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own minor child. Thus, the threshold question becomes whether a given matter is plaintiff's own case or one that belongs to another.

*Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (internal citations omitted); *see also Cheung*, 906 F.2d at 61 ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys.")

In concluding that non-attorney parents generally may not litigate their claims for minor children in federal court, *Myers*, 418 F.3d at 401, the Fourth Circuit explained:

> The reasoning behind this rule is two-fold: it protects the rights of those before the court, *see* [*Oxendine*, 509 F.2d at 1407] ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

*Id.* at 400.

Simply put, Mr. Stewart may not litigate *pro se* the claims of his brother. *See id.* at 401. Mr. Stewart's statutory authority under Va. Code Ann. § 53.1-222 to sue and be sued as his brother's committee does not alter the analysis. For example, Virginia law also permits corporations and administrators of decedents' estates to sue and be sued, Va. Code Ann.

§ 13.1-627(A)(1) (West 2026) (corporations) and § 64.2-519 (West 2026) (administrators), but not to litigate *pro se*. *Culpeper Nat'l Bank v. Tidewater Improv. Co.*, 89 S.E. 118, 120 (1916) (corporations); *Hawthorne v. VanMarter*, 692 S.E.2d 226, 232 (2010) (administrators).

In similar cases where a representative has sought to litigate for a party *pro se*, federal courts have required the representative to retain counsel, seek representation from a *pro bono* attorney or agency, or request appointment of counsel. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009); *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991); *Cheung*, 906 F.2d at 62. To that end, "courts have implied an exception for [representatives to submit] certain limited motions, such as requesting appointment of counsel and *in forma pauperis* status." *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (collecting cases). "To hold otherwise would effectively bar [an incompetent] *pro se* litigant from a means of obtaining counsel to represent their claims." *Id.*

In this case, although Mr. Stewart has requested that the Court appoint counsel, he has not made the threshold showing of indigency. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024) (noting a district court has discretion under the statute to appoint counsel for an *in forma pauperis* litigant).[2] Accordingly, the Court will direct the Clerk to forward Mr. Stewart the non-prisoner *in forma pauperis* affidavit. *See Berrios*, 564 F.3d at 132,

---

[2] Mr. Stewart submitted a "Declaration in Support of Application to Proceed *In Forma Pauperis* and Next Friend Status" in the earlier action, but it was not accompanied by an affidavit showing indigency. *See Croley v. Hunting Creek Club Condo. Assoc.*, 2005 WL 5269272, at *1 (E.D. Va. Dec. 13, 2005), *aff'd sub nom. Croley v. Hunting Creek Club Condo. Ass'n*, 201 F. App'x 953 (4th Cir. 2006) ("A litigant may commence an action in federal court *in forma pauperis* if he files an affidavit, in good faith, stating that he is unable to pay the costs of the law suit.").

135 (granting the representative, not the party, *in forma pauperis* status). Mr. Stewart must describe his efforts to obtain representation from a *pro bono* attorney or agency, complete the affidavit in its entirety and submit them under oath or penalty of perjury within thirty (30) days.

The Clerk will also be directed to forward to Mr. Stewart the prisoner *in forma pauperis* affidavit. Anthony Tremaine Stewart must personally complete the affidavit in its entirety under oath or penalty of perjury. Mr. Stewart must submit the completed affidavit within thirty (30) days or demonstrate within that time, with exhibits or other evidence, that Anthony Tremaine Stewart cannot comply personally because of his medical condition.

Failure to comply strictly with any of the above time requirements will result in summary dismissal of the action. *See* Fed. R. Civ. P. 41(b).

Because Mr. Stewart cannot litigate for Anthony Tremaine Stewart *pro se*, the Court will deny the *pro se* Emergency Motion (ECF No. 2) without prejudice. Mr. Stewart may not file any other pleadings, motions, memoranda or material not specifically required herein or otherwise specifically ordered by the Court until he is granted leave to proceed *in forma pauperis* or until a further order of the Court. Any documents submitted in violation of this paragraph will not be considered.

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Mr. Stewart and Anthony Tremaine Stewart.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 6, 2026